UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles McNeil, #259477, ) | C/A No. 5:12-2880-MGL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | *for partial disposition* |
| South Carolina Dept of Corrections; ) | |
| Broad River Correctional Institution; Broad ) | |
| River Medical Staff; Dr. Alewine; Nurse ) | |
| Nguawme; Nurse Owens; Nurse A. Brown; ) | |
| Nurse Orange (Caucasian woman); Ms. Monroe; ) | |
| Other Unknown BRCI Nurses; Unknown ) | |
| Individuals who prepare and distribute pill ) | |
| medication packet; Warden Stevenson; Associate ) | |
| Warden Barkley; Associate Warden Sutton; ) | |
| Nurse Johnson; Nurse Orange (African- ) | |
| American woman); Captain Jones; Janice ) | |
| Phillips; Ms. Smith (head nurse); Dr. Tomarcho; ) | |
| Michael Stabb; and Captain Washington, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed by a pro se state prisoner.[1] In an accompanying order, this court has authorized service of process of the Amended Complaint on Defendants Dr. Alewine, Nurse Nguawme, Nurse Owens, Nurse A. Brown, Nurse Orange (Caucasian woman), Ms. Monroe, Other Unknown BRCI Nurses, Unknown Individuals who prepare and distribute pill medication packet, Warden Stevenson, Associate Warden Barkley, Associate Warden Sutton, Nurse Johnson, Nurse Orange (African-American woman), Captain Jones, Janice Phillips, Ms. Smith (head nurse), Dr. Tomarcho, Michael Stabb, and Captain Washington.  For the reasons that follow, the undersigned

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

recommends that the court dismiss Defendants South Carolina Department of Corrections, Broad River Correctional Institution, and Broad River Medical Staff, without service of process and without prejudice.

## BACKGROUND INFORMATION

Plaintiff is confined at the Broad River Correctional Institution ("BRCI"). In his Amended Complaint,[2] Plaintiff alleges beginning in January 2012, he began to have an infection in both legs. He alleges he saw pus, blood, and drainage coming from his legs and that he suffered pain and inability to walk. He alleges several nurses and people in the medical department refused to give him bed rest passes, crutches, and a wheelchair. He alleges he went to the BRCI medical department many times seeking help, and that they were aware of his problems but refused to promptly provide help. He alleges that at certain times they did provide ibuprofen, antibiotics, bed rest passes, took X-rays, and used a cotton swab to collect a sample to send to a lab. Plaintiff further alleges certain doctors and nurses prescribed and administered medicines to him which they knew or should have known he was allergic to, and those medicines did cause him to have painful allergic reactions. Plaintiff alleges that as of January 2013, he continues to suffer worsened pain, and he cannot walk. He alleges that they are refusing to treat him.

Plaintiff seeks money damages, as well as injunctive relief seeking the following: to have certain medical procedures to be performed to repair the physical damage to his body; for pain

---

[2] Plaintiff filed a Complaint, ECF No. 1, in this court, and later in response to this court's November 26, 2012 Order, ECF No. 21, he submitted several additions to the Complaint—ECF Nos. 27, 30. In an accompanying Order, this court has directed the Clerk of Court to file ECF Nos. 1, 27, and 30 together as the Amended Complaint.

treatment; for mental health counseling; and for Defendants to be required to send him to doctors outside of the South Carolina Department of Corrections ("SCDC") for treatment.

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint and amendments thereto.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003).  Even under this less stringent standard, a portion of the Amended Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed in forma pauperis at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

DISCUSSION

The Amended Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well settled that only persons may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a person. Several of the named Defendants–SCDC, BRCI, and the Broad River Medical Staff—are not persons subject to suit pursuant to § 1983. SCDC and BRCI are departments, groups of buildings, or facilities.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (finding Lexington County Detention Center is a physical institution that is not subject to liability under § 1983).  Similarly, the Broad River Medical Staff, which may include a group of people, is not a person subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011)  (finding that Food Service Supervisors was a group of

4

people not subject to suit).  Thus, Plaintiff failed to state a claim on which relief may be granted against SCDC, BRCI, and the Broad River Medical Staff.

Moreover, to the extent Plaintiff seeks to sue South Carolina by naming SCDC as a Defendant, he cannot bring this action in federal court seeking damages against the State.  "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact. . . .'" *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011).  "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted).  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.* at 1637 n.1.  As explained by the Fourth Circuit Court of Appeals, the Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).  A state must expressly consent to suit in a federal district court, which South Carolina has not done.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state).  Thus, SCDC should also be dismissed because it is immune from suit.

5

## RECOMMENDATION

Accordingly, it is recommended that the court dismiss Defendants South Carolina Department of Corrections, Broad River Correctional Institution, and Broad River Medical Staff, without service of process and without prejudice. At this time, the case is proceeding against the remaining Defendants.

IT IS SO RECOMMENDED.

February 15, 2013                                                  Kaymani D. West
Florence, South Carolina                                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).