**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Charles McNeil, #259477, | ) Civil Action No.: 5:12-2880-MGL |
| Plaintiff, | ) |
| v. | ) |
| South Carolina Dept of Corrections; Broad River Correctional Institution; Broad River Medical Staff; Dr. Alewine; Nurse Nguawme; Nurse Owens; Nurse A. Brown; Nurse Orange (Caucasian woman); Ms. Monroe; Other Unknown BRCI Nurses; Unknown Individuals who prepare and distribute pill medication packet; Warden Stevenson; Associate Warden Barkley; Associate Warden Sutton; Nurse Johnson; Nurse Orange (African- American woman); Captain Jones; Janice Phillips; Ms. Smith (head nurse); Dr. Tomarcho; Michael Stabb; and Captain Washington, | ) **OPINION AND ORDER** |
| Defendant. | ) |

Plaintiff Charles McNeil ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge West issued her Report on February 15, 2013, recommending *inter alia* that the Court dismiss Defendants South Carolina Department of Corrections, Broad River Correctional Institution, and Broad River Medical Staff from this case without prejudice and without issuance and service of process because Plaintiff has failed to state a claim on which relief can be granted as to these Defendants. The Report further recommends that Defendant South Carolina Department of Corrections be dismissed because of its Eleventh Amendment immunity. (ECF No. 40.)

The Magistrate Judge only makes a recommendation to the court. It has no presumptive

weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's response to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's response, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

"[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir.2005).

Petitioner timely filed objections to the Magistrate Judge's Report. The Court finds that Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist of a reassertion of the arguments made in his petition. Thus, Plaintiff's objections are without merit.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process as to Defendants South Carolina Department of Corrections. Broad River Correctional Institution and Broad River

Medical Staff.

       IT IS SO ORDERED.

                                           <u>/s/ Mary G. Lewis</u>
                                           United States District Judge

March 15, 2013.
Spartanburg, South Carolina