

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CHARLES MCNEIL,            § | |
|     Plaintiff,        § | |
| § | |
| vs.                § | CIVIL ACTION NO. 5:12-2880-MGL-KDW |
| § | |
| § | |
| NURSE OWENS; MS. MONROE;        § | |
| NURSE ORANGE (African-American woman); § | |
| FREDDIE BROOKS (pill line nurse);    § | |
| NURSE PERRY (at BRCI); and        § | |
| CHELSEA JOHNSON,            § | |
|     Defendants.        § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed with prejudice for his failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 21, 2014, and the Clerk filed Plaintiff's objections on August 11, 2014. As detailed below, the Court has considered the objections but finds them to be without merit. Therefore it will enter judgement accordingly.

This case has a long and tortured history. Plaintiff filed the action over two years ago against thirty-eight defendants. Only six of those defendants remain in the case today. The Magistrate Judge has submitted four Reports and Recommendations to the Court in the matter. This Order makes the two-hundred sixth docket entry. When Plaintiff filed his suit, he was a state prisoner incarcerated at Broad Correctional Institution. Upon review of the records of this Court, it appears that he has since been released from prison and now resides in Dillon, South Carolina.

In Plaintiff's amended complaint he claims that, while imprisoned, he suffered from an infection from which he suffered pain and was unable to walk. According to Plaintiff, several of those in the medical department of the prison refused to help him. He also complains that certain medical staff gave to him medicines that they knew or should have known that he was allergic to. Plaintiff contends that the medicines caused him to have painful allergic reactions, but the medical staff members refused to treat him. Plaintiff seeks both monetary and injunctive relief.

As already noted, the Magistrate Judge advises the Court to dismiss Plaintiff's action based upon his failure to prosecute. Attached to the Magistrate Judge's Report is a "Notice of Right to File Objections to Report and Recommendation." In the notice are the following pertinent instructions:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. . . . **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**.

2

Attachment to Report 1 (citations omitted). Nevertheless, in lieu of specific objections Plaintiff submitted five documents, none of which contain any reference–much less any specific objection–to the Report.

The first two documents consist of eighteen handwritten pages of what appears to be Plaintiff's purported medical records at the prison. *See* ECF No. 201, 201-1. The Court notes that most of these entries are written in the third person such that it seems that Plaintiff is copying a document that was written by someone else about him. But from time to time Plaintiff is referred to in the first person. In that Plaintiff's medical records are not germane to the Court's consideration of the Report, however, the Court need not decide the evidentiary value of these documents.

The third and fourth documents are more or less a recitation of Plaintiff's allegations against the original defendants in this case. *See* ECF No. 201-2, 201-3 (pp. 1-4). The Court makes two observations about these documents. First, most of the defendants named there have already been dismissed. And second, Plaintiff states on page five of the third document that "Plaintiff's claims are essentially for medical malpractice." ECF No. 201-2 (p. 5). Of course, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 492 U.S. 97, 106 (1976). Thus, although not altogether clear, Plaintiff's statement that his suit is based merely on medical malpractice claims suggests that he wishes to forsake his § 1983 claims.

And finally, the fifth document purports to be an affidavit from Defendant J. Glenn Alewine, who was previously dismissed from this action. *See* ECF No. 201-3 (pp. 5-12). The affidavit is unsigned and thus, of course, unsworn.

The Court observes that these five submissions, voluminous though they be, contain no hint that Plaintiff is opposed to the Magistrate Judge's recommendation that the Court dismiss the case

with prejudice based upon his failure to prosecute the matter. In fact, as noted above, Plaintiff appears to have abandoned his § 1983 claims by asserting that this is nothing more than a medical malpractice claim. Consequently, the Court concludes that Plaintiff has no objection to the dismissal of his § 1983 action.

But, in case there still remains any question as to whether it is proper for the Court to dismiss this action, the Court notes that it is well established that specific objections to the Report are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). In that Plaintiff's five above-described submissions do not direct the Court's attention to any specific portion of the Report to which he wishes to object, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And, a failure to object waives appellate review. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections to the extent that they can be viewed as such, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's action is **DISMISSED WITH PREJUDICE** for his failure to prosecute.

**IT IS SO ORDERED**.

Signed this 3rd day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.